[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to dismiss this foreclosure action on the grounds that the plaintiff has no standing to bring the action and therefore the court is without subject matter jurisdiction. Unisys Corporation v. Department of Labor,220 Conn. 689, 695 (1991). The defendant claims that it has a right to a trial like hearing on the issue wherein it can examine and cross examine adverse witnesses offered by the plaintiff in support of its effort to withstand this attack.
Since Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 56
(1983) it has been well settled that where a motion to dismiss on jurisdictional grounds raises genuine issues of fact as to those grounds, the burden of proof shifts to the plaintiff to prove by a preponderance of the evidence the facts essential to support jurisdiction.
Placement of the burden of proof upon the plaintiff is of course consistent with the plaintiff's right to a hearing. This court interprets the Unisys Corporation case as requiring a jurisdictional hearing whenever requested by the party having the burden of proof. Contrary to the defendant's assertions, the purpose of such a hearing is not to afford the defendant in a foreclosure action an opportunity to satisfy itself that the party claiming the right to payment is in fact entitled to CT Page 14452 payment thereby protecting itself against an erroneous payment. Rather, its purpose is to prove or not the facts requisite to jurisdiction. Because the plaintiff has the burden it may elect to request such a hearing or it may rest on its affidavit and supporting documentary evidence. The plaintiff has chosen the latter. It is noted that all documents provided by the plaintiff are either copies of recorded instruments certified by the Bridgeport town clerk or are sworn to in the lost note affidavit.
Turning now to the merits of the motion, the defendant's position seems to boil down to this. While it may be true as general rule that mortgage security follows the debt, it only does so when the party seeking foreclosure is in possession of either the original note or an endorsement of the note. The defendant argues that because the lost note affidavit (plaintiff's Exhibit D) states that the note cannot be located and there is no document which evidences an endorsement of the note from Mortgage Resources, Inc. (MRI) to the plaintiff, the "security follows the debt rule" does not apply. Assuming, arguendo, the legal validity of this principle, the defendant has either ignored or misunderstood the legal effect of the assignment from MRI to the plaintiff recorded in the Bridgeport land records in book 4151 at page 6. That document transferred to the plaintiff all of MRI's interest in certain loan documents, including the promissory note in question. Whether this instrument is an endorsement of the note or a mere assignment is immaterial since its effect was to make the plaintiff the sole and exclusive owner and holder of the note.
It has long been held in this state that "an assignment of the note carries the mortgage with it." Waterbury Trust Companyv. Weisman 94 Conn. 210, 218 (1919). The parties agree that the instrument which purported to assign the mortgage recorded in the Bridgeport land records in book 3435 at page 163 erroneously referred to another and different mortgage between the parties. Because the note which was secured by the mortgage was properly endorsed and or assigned in an unbroken chain, it does not matter that the recorded assignment may have in fact conveyed the wrong mortgage. The purpose of our recording statutes is not to pass title but to place third parties on notice of rights which may be superior to theirs. As a matter of law, the plaintiff is the holder of the mortgage which it seeks to foreclose. The motion is denied.
THE COURT, CT Page 14453
Mottolese, Judge